# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HENRY C. MORETTI,** | ) | |
| Plaintiff, | ) | |
| v. | ) | 2:07cv600 |
| | ) | **Electronic Filing** |
| **TERRY SEILHAMMER, RONALD RABER, THOMAS DUBOVI, KEITH JONES, DONALD CARNAHAN, MAX MOHNEY, STEVE SHELDON, TIMOTHY MCCUNE, JERRY CASSIDY, TARA PATTERSON, JOHN DOE 1, JOHN DOE 2,** all in their individual capacity, and **MUNICIPAL POLICE OFFICERS' EDUCATION AND TRAINING COMMISSION,** | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

AND NOW, this 31ST day of January, 2008, upon due consideration of defendants Timothy McCune and Jerry Cassady's Motion to Dismiss and the parties' submissions in conjunction therewith, IT IS ORDERED that the motion be, and the same hereby is, granted in part and denied in part. The motion is granted on all claims against McCune. The motion is granted on plaintiff's claims against Cassady to the extent they are based on his role in the initiation of charges, prosecution of plaintiff, and decisions concerning the terms of any plea bargain to be offered to plaintiff. The motion is denied as to plaintiff's claims against Cassady based on his testimony in the arbitration proceedings as referenced in paragraph 43 of the complaint.

As prosecutors, McCune and Cassady enjoy absolute immunity for conduct "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). The scope of such immunity extends to acting as an advocate in judicial proceedings, which includes initiating and pursuing charges in a criminal prosecution, and decisions as to whether and under what conditions a case should be disposed of by plea bargain. As the court in Stankowski v. Farley, 487 F. Supp.2d 543 (M.D. Pa. 2007), recently observed:

> In determining whether to grant such immunity "[c]ourts are obligated to take a functional approach to questions of absolute immunity, and should focus on 'the

> nature of the function performed, not the identity of the actor who performed it and evaluate the effect that exposure to particular forms of liability would likely have on the appropriate exercise of that function.' " Light v. Haws, 472 F.3d 74, 78 (3d Cir. 2007). Still, "a prosecutor is absolutely immune when acting as an advocate in judicial proceedings." Donahue v. Gavin, 280 F.3d 371, 377 n. 15 (3d Cir. 2002). Activities included under that category are "initiating and pursuing a criminal prosecution and presenting the state's case in court." Hughes v. Long, 242 F.3d 121, 125 (3d Cir. 2001). Courts have also found that "a prosecutor's decision whether to dispose of a case by plea bargain-because dependent on delicate judgements affecting the course of a prosecution-is protected by the doctrine of absolute prosecutorial immunity." Davis v. Grusemeyer, 996 F.2d 617, 629 (3d Cir.1993).

Stankowski, 487 F. Supp.2d at 552. Thus, under controlling Third Circuit precedent defendants McCune and Cassady are entitled to absolute immunity with regard to all of their conduct in connection with charging and prosecuting plaintiff, and the terms of any plea agreement offered during the course of prosecuting plaintiff.

The scope of absolute immunity for prosecutors extends only to actions taken as part of the performance of a prosecutor's job. Helstoski v. Goldstein, 552 F.2d 564, 566 (3d Cir. 1977). "By contrast, courts have been unwilling to extend absolute immunity to a prosecutor's alleged perjury or destruction of evidence when not closely connected to an ongoing criminal prosecution." Davis v. Grusemeyer, 996 F.2d 617, 630 n.28 (3d Cir. 1993) (citing Briggs v. Goodwin, 569 F.2d 10 (D.C. Cir.1977) (although rejecting the district court's reasoning that perjury is never within a prosecutor's authority, declining to extend absolute immunity to a prosecutor's alleged perjury during a grand jury investigation that had not yet focused on a particular suspect), cert. denied, 437 U.S. 904 (1978); and Wilkinson v. Ellis, 484 F. Supp. 1072, 1083 (E.D. Pa.1980) (Becker, J.) (destruction of evidence by prosecutor not closely connected to the judicial process [and thus not within scope of immunity] because "when evidence is disposed of, it is kept from judicial scrutiny altogether")). Thus, plaintiff's allegations concerning Cassady's testimony in the arbitration proceeding is beyond the scope of absolute immunity because the criminal prosecution against plaintiff had been concluded and the arbitration was unrelated to any prosecutorial function.

Moreover, the doctrine of judicial privilege is limited to testimony given to quasi-judicial

entities, such as grievance proceedings before a government entity or a private entity operating pursuant to a state or federal statute. Overall v. University of Pa., 412 F.3d 492, 497 (3d Cir. 2005). As read in the light most favorable to plaintiff, it appears that Cassady's testimony referenced at ¶ 43 of the Complaint was given in an arbitration conducted pursuant to a collective bargaining agreement governing employment matters between officers and the Pennsylvania State Police. In such a setting it is far from clear that (1) the requisite basic procedural safeguards that give rise to the privilege where in place or (2) the testimony was given before an entity vested with a quasi-judicial function, both of which are necessary to claim the protection Cassady asserts. See Overall, 412 F.3d at 498. Accordingly, on the current record Cassady is not entitled to dismissal of plaintiff's claims based on the testimony given in the "arbitration proceedings."

Finally, it is well settled that § 1983 claims are governed by the state statute of limitations applicable to personal injury actions. Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003). In Pennsylvania, such actions are governed by 42 Pa. C. S. § 5524(7). Id. Thus, plaintiff had two years from the date of accrual to commence this action and it is not untimely.

                                                       s/ David Stewart Cercone
                                                       David Stewart Cercone
                                                       United States District Judge

cc:    Don Bailey, Esquire
        Bailey & Ostrawski
        4311 North Sixth Street
        Harrisburg, PA 17110

        Andrew M. Menchyk, Jr., Esquire
        Stepanian & Muscatello
        222 South Main Street
        Butler, PA 16001

        Tracey A. Wilson, Esquire
        Office of the Attorney General
        564 Forbes Avenue
        6th Floor, Manor Complex
        Pittsburgh, PA 15219